cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. HUCK, dba HUMAN RESOURCES INTERNATIONAL,<br><br>    Plaintiff,<br>v.<br><br>PFIZER INC., a Delaware Corporation and DOES 1 through 50, Inclusive,<br><br>    Defendants. | Civil No. 08cv1277 L (AJB)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>[Doc. No. 23.] |

  This matter comes before the Court upon joint motion of the parties that this Court issue an Order concerning the protection of confidential information in this case. The Court, finding that the motion is well-taken to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is hereby ORDERED, as follows with respect to documents and things produced or made available for inspection and designation for copying by any of the parties hereto and all others associated with them:

1. This Protective Order/Agreement ("Order") shall apply to the above-captioned matter.

2. This Order shall bind all parties, agents, attorneys, consultants and representatives of each party, and any other signatory to this Order.

3. The terms and conditions of this Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, deposition transcripts, pleadings,

exhibits, other discovery, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas in this matter, the disclosure of deposition testimony, or the content of any information within such testimony.

**"CONFIDENTIAL" Information Defined**

4. The designation of information as "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or trade secret information as defined in California Civil Code Section 3426.1(d); (b) personal financial information; (c) employee personal privacy information; or (d) confidential and identifiable health information (such as health information that is connected to a patient's name, address, social security number or other identifying information) that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). The foregoing list is without prejudice to a party seeking protection for additional categories from the Court.

5. "CONFIDENTIAL" information shall be used solely for purposes of this Litigation and for no other purpose without prior written approval from the Court or the prior written consent of the producing person. All persons receiving or given access to "CONFIDENTIAL" information in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for purposes of enforcing this Order and remedying any violations thereof.

6. "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement, including, without limitation, transcripts, answers to interrogatories and other responses to discovery requests, e-mails, pleadings, briefs, rulings from a court or arbitration panel, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information.

7. All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed/served by any party or person, including third parties, in the Litigation may be designated

"CONFIDENTIAL" by the producing or disclosing party by making the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item if possible, and if not possible, by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL."

**Use of "CONFIDENTIAL" Information**

8. Information designated "CONFIDENTIAL" may only be disclosed on a "need to know" basis, in the minimum amount necessary for the disclosure purpose, only to the following persons:

(a) parties or their employees, in-house counsel, in-house paralegals and outside counsel, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel;

(b) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by the parties' counsel;

(c) an expert or consultant who (i) is retained by any attorney to assist with the Litigation, (ii) agrees neither to use nor disclose such "CONFIDENTIAL" information, including, but not limited to, in any other litigation or proceeding; and (iii) has executed a Certification attached hereto as Exhibit A;

(d) during depositions, preparation for depositions, testimony during trial, and preparation for testimony during trial, a deposition/trial witness who appears, based upon the document itself or other testimony, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or dates reflected in the document;

(e) any private mediators utilized in the Litigation; and

(f) the Court and any Special Masters or Mediators appointed by the Court.

9. Anyone receiving discovery shall take all steps reasonably necessary to prevent the disclosure of "CONFIDENTIAL" information other than in accordance with the terms of this Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

10. Any summary or copy of any "CONFIDENTIAL" documents or information shall be subject to the terms of this Order to the same extent as the information or document(s) from which the summary or copy is made.

**Subpoenas and Requests for Disclosure**

11. Any person, entity or named party receiving "CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" information shall immediately give notice by facsimile and email to the producing party identifying the information sought and enclosing a copy of the subpoena or request. The party receiving the request or subpoena shall make no production of the "CONFIDENTIAL" information until at least 21 days has elapsed from the date the receiving party provided such notice to the producing party, in order to allow the producing party time to make a motion or other application to prevent enforcement of the subpoena or other request. Once the producing party has made a motion or other application to prevent enforcement of the subpoena, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction. If the entity seeking "CONFIDENTIAL" information is a United States government agency investigating a violation of law, the foregoing in paragraph 11 does not apply, and such "CONFIDENTIAL" information may be provided without restriction to such an agency.

**Disclosure of "CONFIDENTIAL" Information**

12. Counsel shall instruct each person to whom they disclose or give access to "CONFIDENTIAL" information under the terms of this Order, to read the Order and comply fully with its terms. Persons receiving "CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any "CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of any Court having jurisdiction of this matter or the parties for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

13. Disclosure of "CONFIDENTIAL" information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem

appropriate. Nothing in this order shall prevent the parties from providing "CONFIDENTIAL" information to a United States government agency, and any such provision does not effect a waiver of confidentiality.

14. The recipient of any "CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

15. Counsel agree to maintain a file of all executed Certifications (Exhibit A) required by this Order.

16. A deponent, his or her counsel, or any named party may designate deposition/arbitration testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" at the time of the deposition (or in the case of arbitration testimony, at the time of the arbitration) by stating as such on the record and advising the reporter and all parties of such fact at the time.  If any portion of a videotaped deposition is designated pursuant to this Paragraph, the media (videotape, CD-ROM, DVD, etc.) shall be labeled with the appropriate legend.  Unless a shortened time period is required as set forth below, within thirty (30) days of receipt of a final transcript, the deponent, his or her counsel, or any other party may further designate all or portions of the transcript as "CONFIDEN-TIAL."  The deponent, his/her counsel, or any other party shall list on a separate piece of paper the page and line numbers of the portions of the deposition transcript containing "CONFIDENTIAL" information and serve the same on counsel for all parties to the Litigation.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information.  If no designation is made either at the time of the deposition or within thirty (30) days after receipt of the final transcript, the transcript shall be deemed not to contain any "CONFIDENTIAL" information.

**Filings Containing "CONFIDENTIAL" Information**

17. Any filings with the Court in this matter shall be marked according to the nature of the information contained therein or attached thereto as attachments or exhibits.  Any filings containing "CONFIDENTIAL" information will be subject to the restrictions on use and distribution set forth herein.

18.  If, for any reason any documents or pleadings are to be filed with any Court that contain "CONFIDENTIAL" information, such documents or pleadings shall be filed under seal pursuant to the applicable rules of court, as set forth in the next paragraph.  The party that produced the "CONFIDEN-TIAL" information may waive this requirement with respect to another party's filing by consent or with respect through its own filing by not filing under seal. Waiver with respect to any document or information shall not constitute waiver as to any other "CONFIDENTIAL" document or information.

19.  Nothing will be accepted for filing under seal with the Court without separate prior order by the judge before whom the hearing or proceeding will take place.  Such order must be sought by ex parte application by the affected party with appropriate notice to opposing counsel.

20.  At the request of a producing party, the Court will limit or restrict person(s) not permitted access to "CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

**Challenges to "CONFIDENTIALITY", No Admission of Relevance or Admissibility**

21.  Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" actually is confidential information that will not be required to be disclosed in the public record.  Any named party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation.  A named party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge.  In the event that any party to the Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the parties cannot resolve the dispute within ten (10) days after service of a written objection, the party challenging the designation may file a motion to compel any time within ten (10) and thirty-one (31) days after service of a written objection. The information, documents or materials shall continue to receive the protection of their designation until the expiration of the appeal period applicable to any ruling by the Court on the motion.

22.  Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation.  This Order is without

prejudice to the right of any party, including third parties, to bring before the Court the question of whether any particular information is or is not discoverable or admissible.

23.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof.

**Inadvertent or Unauthorized Disclosure of Material not Marked "CONFIDENTIAL"**

24.     The inadvertent or mistaken disclosure by a producing party of material not marked as "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality where : (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party provides properly redesignated documents to the receiving party.  During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice.  Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days.  The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof, as appropriately marked pursuant to the producing party's notice.

25.     Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) immediately notify the disclosing/producing party or entity of the disclosure and the identity of the person or party to whom the information was disclosed; (b) use its best efforts to obtain the return of any such "CONFIDENTIAL" information and to bind such person or party to the terms of this Order; (c) immediately inform the unauthorized person or party of all provisions of this Order; and (d) use its best efforts to have such person or party immediately sign the Certification attached hereto as Exhibit A, and immediately serve the executed certification upon counsel for the producing party.  Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

/ / / /

/ / / /

**Third-Party Information**

26.   A producing person or entity who is not a party or an affiliated entity in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record.  Thereafter, a producing person or entity may designate as "CONFIDENTIAL" oral testimony, information, documents or things that such producing person or entity has produced or provided in the action.

**Termination of Action**

27.   This Order shall survive the termination of this Litigation and shall continue in full force and effect thereafter.

28.   After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, court transcripts and exhibits, and documents and other materials submitted to the Court.  Such material shall continue to be treated as designated under this Order.  Within sixty (60) days after termination of the Litigation, at the request of the producing party, counsel for the receiving party shall (a) return all other "CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" information and (b) certify destruction/ complete erasure of any electronically-stored material to the producing party's counsel.

**Modifications**

29.   Nothing in this Agreement shall prevent any named party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modifications of this Agreement.

**Miscellaneous**

30.   The restrictions and obligations set forth herein shall not apply to any information that:  (a) the parties agree should not be designated "CONFIDENTIAL"; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than a result of disclosure by the receiving party, its employees, or its agents in violation of this Order;

1   or (d) has come or shall come into the receiving party's legitimate knowledge independently of this
2   production by the designating party.
3   31.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any
4   information designated as "CONFIDENTIAL" with anyone if that person already has or obtains
5   legitimate possession thereof.
6           IT IS SO ORDERED.

EXHIBIT A

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Protective Order in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any "CONFIDENTIAL" material, in any form whatsoever, and that such "CONFIDENTIAL" material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court for the Southern District of California, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Order, whether or not the Protective Order has yet been entered as an Order of the Court.

IT IS SO ORDERED

DATED:  August 10, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

.