UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. HUCK dba HUMAN RESOURCES INTERNATIONAL,<br><br>             Plaintiff,<br><br>v.<br><br>PFIZER, INC.,<br><br>             Defendant. | Civil No. 08cv1277-L(WVG)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; (2) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) EXTENDING TIME FOR DEFENDANT TO FILE A SUMMARY JUDGMENT MOTION** |

In this breach of contract and fraud action, Plaintiff field a motion for leave to amend and Defendant filed a motion for summary judgment. Both motions are opposed. For the reasons which follow, Plaintiff's motion for leave amend is **GRANTED**, Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE**, and the time for Defendant to file a summary judgment motion is **EXTENDED**.

Plaintiff James R. Huck holds a Ph.D. in organizational psychology and provides consulting services to various corporate entities in the area of human resources and leadership assessment and development. Plaintiff alleges he entered into a contract with Defendant and provided consulting services from 2001 through 2005 to senior management personnel in Defendant's Asia Region. The arrangements were for Defendant to pay Plaintiff a quarterly retainer, a fixed fee for specific assessments and surveys, as well as Plaintiff's costs and expenses, including travel and living expenses.

During the course of the consulting relationship, Defendant's demand for Plaintiff's services increased.  Plaintiff alleges that Defendant induced him to hire additional personnel to meet the demand, provide consulting services on an exclusive basis, terminate consulting relationships with other clients, and forego seeking new ones.  In 2005 Defendant ceased paying Plaintiff.

Plaintiff filed a complaint in State court alleging state law claims for breach of contract; fraud and deceit – intentional misrepresentation; fraud and deceit – concealment; fraud and deceit – negligent misrepresentation; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; work, labor, and services provided; and unfair business practices.  He seeks damages exceeding $800,000.  Defendant answered and removed the action to this court based on diversity jurisdiction.

During discovery, Curtis L. Andrews, one of Defendant's former employees, was deposed and testified that he was terminated because he reported what he believed was Defendant's violations of the Foreign Corrupt Practices Act ("FCPA").  (Decl. of Thomas F. Landers ("Landers Decl.") at 2.)  A few days later, Plaintiff was deposed and testified that Defendant stopped paying him because he also reported what he believed to be FCPA violations and violations of Defendant's own corporate compliance policies.  (*Id*.)

Approximately three months later, Defendant filed a motion for a protective order, seeking, among other things, to designate Mr. Andrews' testimony regarding his termination as "attorneys eyes only" and bar the use of the evidence absent a court order.  (*See* docket no. 30 & 32.)  Plaintiff argued that the evidence was relevant to his theory of the case that Defendant stopped paying him because he had previously complained about the same general type of perceived misconduct as Mr. Andrews, which tends to support his allegation that Defendant's representatives intentionally misrepresented their intent to continue using Plaintiff's services. (*See* docket no. 32.)  In support of the protective order, Defendant argued, in part, that the evidence was not relevant because the complaint does not allege any reasons why Defendant ceased making payments to Plaintiff.  (*See* docket no. 33.)  At the hearing on Defendant's motion, the Magistrate Judge indicated that he did not consider the evidence relevant until

1  Plaintiff amended the complaint. (Landers Decl. at 2-3.) Approximately two months later, on
2  the last day to file pretrial motions, Plaintiff filed a motion for leave to amend, and Defendant
3  filed a motion for summary judgment. The filing of the motions was preceded by counsel's
4  discussion of Plaintiff's intended amendment. (Supplemental Declaration of Thomas F. Landers
5  ("Landers Supp. Decl.") at 1-2.)

6  Plaintiff seeks to amend the complaint by adding a factual allegation that Plaintiff
7  discovered what he believed to be Defendant's violations of the FCPA and its own corporate
8  compliance policies, which he reported to Defendant. (Landers Decl. Ex. 2 at 5-6.) Plaintiff
9  further proposes to allege that because of this report, Defendant decided to terminate the
10 consulting relationship with Plaintiff, but concealed its intent to do so and let Plaintiff continue
11 performing services for which Defendant did not intend to pay. (*Id*. at 5-6, 12 & 16.)

12 Rule 15 of the Federal Rules of Civil Procedure advises the court that leave to amend
13 shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be
14 applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051
15 (9th Cir. 2003) (internal quotation marks and citation omitted).

16 > In the absence of any apparent or declared reason -- such as undue delay, bad faith
17 > or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of amendment, etc. -- the leave
18 > sought should, as the rules require, be "freely given."

19 *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the foregoing factors, the "prejudice to the
20 opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

21 It is undisputed that Plaintiff has not previously sought to amend the complaint and that
22 the motion was timely under the operative case management orders. Defendant does not suggest
23 that Plaintiff's motion was filed in bad faith.

24 Defendant argues that Plaintiff unduly delayed filing this motion because he had been
25 aware of the pertinent facts since 2005. Plaintiff, on the other hand, claims that he is seeking
26 amendment at this time because he anticipates difficulties with admissibility of evidence, unless
27 the amends the complaint, as argued by Defendant in support of its motion for protective order
28 and as indicated by the Magistrate Judge. Accordingly, Plaintiff has not unduly delayed filing

the motion.

Next, Defendant claims that the amendment would be futile because, if it is construed as a new claim, it would be barred by the statute of limitations. It is clear from the nature of the amendment that it is not intended to be a new claim (*see* Landers Decl. Ex. 2), which Plaintiff confirms in his reply (Reply at 4-5). This argument is therefore without merit.

Defendant's next argument is that the proposed amendment lacks merit because it is not seeking to add a new claim and is immaterial to Plaintiff's existing claims. The court disagrees. Plaintiff seeks to add a new factual allegation pertaining to the intent or other state of mind of Defendants' representatives when they represented that they were interested in Plaintiff's services to continue and concealed their intent to terminate the consulting relationship. The state of mind of Defendant's representatives is material at least with respect to Plaintiff's fraud claims. *See, e.g., Lazar v. Super. Ct. (Rykoff-Sexton, Inc.)*, 12 Cal.4th 631, 638 (1996) ("intent to defraud, *i.e.*, to induce reliance" is an element of intentional representation). Plaintiff's proposed amendment is therefore not immaterial.

Last, Defendant argues that it would be unduly prejudiced by the proposed amendment because it "would likely require Pfizer to amend its motion for [summary judgment] to address these new factual allegations . . . ." (Opp'n at 8.) This argument rings hollow, because Defendant became aware of the new allegations at a deposition approximately six months before filing its summary judgment motion, and discussed the proposed amendment with Plaintiff's counsel in the weeks before filing the motion. (Declaration of Thomas Hanrahan at 1 & Ex. A; Landers Decl. at 2-3 & Ex. 1; Landers Supp. Decl.) Defendant could therefore have taken the new allegations and deposition testimony into account in its motion. Nevertheless, to the extent Defendant may be prejudiced unless it could amend its motion, the prejudice is easily remedied by granting it an opportunity to do so.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's motion for leave to amend is **GRANTED**. No later than **September 3, 2010**, Plaintiff shall file and serve the proposed amended complaint he filed as an exhibit in support of his motion.

2. Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE**. The time for Defendant to file and serve a summary judgment motion is **EXTENDED** until **September 20, 2010**. No later than **October 4, 2010** Plaintiff shall file and serve his opposition, and no later than **October 12, 2010**, Defendant shall file and serve a reply. Upon filing of the foregoing, the motion will be deemed submitted.

**IT IS SO ORDERED**.

DATED: August 26, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL